**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: <u>1:14-cv-2964</u>

Alejos Torrez,

     Plaintiff/Movant,

Synchrony Bank f/k/a GE Capital Retail Bank,

     Defendant.

---

## COMPLAINT

---

For this Complaint, the Plaintiff, Alejos Torrez, by undersigned counsel, states as follows:

### JURISDICTION

1.     This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

### PARTIES

3.     Plaintiff, Alejos Torrez ("Plaintiff"), is an adult individual residing in La Junta, Colorado, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Synchrony Bank f/k/a GE Capital Retail Bank ("Synchrony"), is an Ohio business entity with an address of 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5.     Within the last year, Synchrony contacted Plaintiff in an attempt to collect a consumer debt allegedly owed by Plaintiff (the "Debt").

6.     At all times mentioned herein, Synchrony called Plaintiff's cellular telephone, number 719-xxx-5338, by using an automated telephone dialer system ("ATDS") and an artificial or prerecorded voice.

7.     When Plaintiff answered calls from Synchrony, he was either met with a prerecorded message asking for someone named, "Vazquez" and stating that the call was in regards to a Phillips 76 Gas Card, or he was met with a period of silence before the call was disconnected.

8.     Plaintiff never provided his cellular telephone number to Synchrony and never provided his consent to Synchrony to be contacted on his cellular telephone.

9.     Plaintiff has no business relations with Synchrony and never requested by an agreement or otherwise that he be contacted.

10.    Moreover, during a live conversation in or around September, 2014, Plaintiff informed Synchrony that they were calling the wrong number and demanded that all calls to his cellular telephone number cease.

11.    Thereafter, Synchrony continued to call Plaintiff at an annoying and harassing rate.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, *et seq.*

12.    The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

13.     At all times mentioned herein and within the last year, Synchrony called Plaintiff on his cellular telephone using an ATDS or predictive dialer and a prerecorded or artificial voice.

14.     In expanding on the prohibitions of the TCPA, the Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"2003 TCPA Order, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id.* In addition, the TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id.*

15.     Synchrony's telephone systems have some earmarks of a Predictive Dialer.

16.     When Plaintiff answered the phone, he was met with a period of silence before Synchrony's telephone system would disconnect the call.

17.     Synchrony's Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

18.     Synchrony continued calling Plaintiff by means of automatic telephone calls to his cellular phone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

19.     The telephone number called by Synchrony was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20. The calls from Synchrony to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21. Plaintiff is entitled to an award of $500.00 in statutory damages for each call made in negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

22. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendant as follows:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

**3.** Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: October 31, 2014

Respectfully submitted,

By  */s/ Jenny DeFrancisco*

Jenny DeFrancisco, Esq.
CT Bar No.: 432383
LEMBERG LAW LLC
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

E-mail: jdefrancisco@lemberglaw.co
*Attorneys for Plaintiff*

Plaintiff:

Alejos Torrez
1202 Grace Ave
La Junta, CO 81050